HATLAND, Respondent, v. EGAN, Appellant.

(162 N. W. 385.)

(File No. 3987.   Opinion filed April 30, 1917.)

1.  **Judgments—Default Judgment—Setting Aside, Reopening Case—Answer, Meritorious Defense, Necessity of Showing.**

Where, on motion to set aside a default judgment, plaintiff, in resistance, submitted an affidavit tending to show the proposed answer was sham and frivolous, held, that it was incumbent upon defendant to show by his proposed answer that he had a meritorious defense to cause of action alleged by plaintiff.

2.  **Appeals—Error—Vacating Judgment Below—Order Refusing, Grounds Not Appearing in, Presumption of Sham Answer.**

Where the order below, denying motion to set aside a default judgment, failed to show the grounds of denial of motion, held, that it will be assumed by Supreme Court that the order was based upon ground that proposed answer was sham and made for purposes of delay; it appearing that trial court might have denied the motion upon ground that the answer was not interposed in good faith.

Appeal from Circuit Court, Minnehaha County.   Hon. JOSEPH W. JONES, Judge.

Action by Jacob Hatland, an incompetent, by Thomas Wangsness, guardian, against George W. Egan.   From an order refusing to set aside a default judgment in favor of plaintiff, and permitting defendant to answer, defendant appeals.   Affirmed.

*George W. Egan,* Appellant, pro se.

*Parliman & Parliman,* for Respondent.

(1.)   To point one of the opinion, Respondent cited:   Rules of Practice, Circuit Courts, Rule 2; 1 Black Judt, S. 348.

McCOY, J.   [1] This is an appeal from an order of the circuit court refusing to reopen and set aside a default judgment in favor of plaintiff.   It appears from the record that appellant, as defendant in the court below, demurred to the complaint, and in

the order overruling the demurrer the court gave defendant five days within which to make answer; that defendant thereupon took an appeal to the Supreme Court from the order overruling the demurrer; that after the affirmance of said order by the Supreme Court the remittitur was filed in the office of the clerk of the circuit court, and thereafter, on the 14th day of January, 1916, the plaintiff made application for and the court rendered judgment in favor of plaintiff by reason of defendant's failure to interpose an answer to the complaint; that thereafter on the 17th day of January, 1916, the defendant moved to vacate and set aside said judgment and to be permitted to make answer, the said motion to vacate being based upon the affidavit of defendant. The plaintiff, upon the hearing of said motion, submitted an affidavit tending to show that the proposed answer of defendant was sham and frivolous, and interposed solely for the purposes of delay. There is some discrepancy in the record as to when the remittitur was filed in the office of the clerk of the circuit court; but assuming that the same was filed on the 10th day of January, it was still incumbent upon the defendant to show by his proposed answer that he had a meritorious defense to the cause of action alleged by plaintiff.

[2] The learned trial court denied defendant's motion to vacate said judgment, but it does not appear from the order upon what ground the same was denied. We are of the view that the trial court might properly have denied said motion to vacate upon the ground that the answer interposed was not made in good faith, and was made for the purpose of delay. Under this state of the record, we are bound to assume that the order was based upon the ground that the proposed answer was sham and made for the purposes of delay.

The order appealed from is affirmed.